OPINION
{¶ 1} Plaintiff-appellant Dorothy Ilene Caton appeals the September 23, 2002 Judgment Entry of the Muskingum County Court of Common Pleas which granted summary judgment in favor of defendants-appellees Board of Commissioners of Muskingum County, Ohio, and the County Risk Sharing Authority ("CORSA").
 STATEMENT OF THE CASE AND FACTS {¶ 2} On May 23, 1999, appellant was injured in an automobile accident caused by the negligence of an underinsured motorist, Kelly Roberts. As a result of the accident, appellant suffered serious injuries while operating her own motor vehicle. Appellant settled with the tortfeasor's liability carrier for the policy limit of $100,000. At the time of the accident, appellant was an employee of Muskingum County.
 {¶ 3} Muskingum County was a party to a "participation agreement" with CORSA. CORSA is a statutory self-insurance pool, formed to provide participating county and local governments with liability and other kinds of "insurance" coverages. CORSA is an Ohio-not-for profit corporation and is a statutory self-insurance pool among Ohio counties, created and existing under the authority of R.C. 2744.081. This section provides, in relevant part:
 {¶ 4} "A joint self-insurance pool is not an insurance company. Its operation does not constitute doing an insurance business and is not subject to the insurance laws of this State."
 {¶ 5} CORSA entered into a participation agreement with Muskingum County. This agreement obligated CORSA to provide coverage to Muskingum County and to its employees and officials against certain liability, and for certain property damages. CORSA also agreed to provide Muskingum County $250,000 of underinsured motorist coverage for employees and officials of Muskingum County who sustained bodily injury while working for the county or while occupying the vehicles owned by the county. CORSA contracted with Northfield to indemnify it for losses incurred by Muskingum County's maintenance deductible beyond the self-insured retention amount of $500,000.
 {¶ 6} On May 22, 2001, appellant filed her Complaint in the Muskingum County Court of Common Pleas alleging she was entitled to uninsured/underinsured motorist coverage under Muskingum County's participation agreement with CORSA and under the Northfield policy. On November 13, 2001, appellees filed a Motion for Summary Judgment alleging because CORSA is not insurance, appellant's claim for underinsured motorist coverage must be denied as a matter of law. Further, even if appellant was entitled to coverage under the agreement with CORSA, appellees maintained coverage was not available as she was not operating a vehicle owned by her employer, nor was she in the course and scope of her employment at the time of the accident.
 {¶ 7} In a September 27, 2002 Judgment Entry, the trial court granted appellees' motion for summary judgment specifically finding the insurance laws of the State of Ohio did not apply to CORSA. It is from this judgment entry appellant prosecutes this appeal, assigning the following error for our review:
 {¶ 8} "I. Corsa Is Obligated To Comply With O.R.C. 3937.18 When It Provides Uninsured/underinsured Motorist Coverage."
 I. {¶ 9} In appellant's sole assignment of error, she maintains the trial court erred in finding the participation agreement between CORSA and Muskingum County was not subject to the requirements of R.C. 3937.18. We disagree.
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 11} Civ.R. 56(C) states, in pertinent part:
 {¶ 12} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 13} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
 {¶ 14} It is based upon this standard we review appellant's assignment of error.
 {¶ 15} R.C. 3937.18 applies to any "automobile liability or motor vehicle liability policy of insurance." Thus, "[w]here motor vehicle liability coverage is provided, even in limited form, uninsured/underinsured coverage must be provided." Selander v. ErieInsurance Group (1999), 85 Ohio St.3d 541, 544, 709 N.E.2d 1161. By its terms the coverage must be provided by a policy of insurance.
 {¶ 16} R.C. 2744.081(E)(2) clearly states:
 {¶ 17} "A joint self-insurance pool is not an insurance company. Its operation does not constitute doing an insurance business and is not subject to the insurance laws of this state."
 {¶ 18} Because a self-insurance pool is not an insurance company engaged in an insurance business, the benefits they offer their members are seemingly outside the definition of automobile liability or motor vehicle liability policies of insurance in R.C. 3927.18(A). If so, the UM/UIM requirements imposed by R.C. 3937.18(A) don't apply to liability coverage offered by self-insurance pools organized pursuant to R.C. 2744.091(A). Adams v. County Risk Sharing Authority, Inc. (Nov. 25, 1996), Scioto App. No. 2357, unreported. Any doubt whether the section might require self-insurance pools to offer UM/UIM coverage is foreclosed by the final clause of R.C. 2744.081(E)(2), which declares that they are "not subject to the insurance laws of this state." R.C. 3937.18 is such a law.
 {¶ 19} Pursuant to R.C. 2744.081, as a joint self-insurance pool, CORSA is not an insurance company and its operation does not constitute doing an insurance business. We agree with the trial court CORSA is not subject to the insurance laws of this state. Accord, Adams, supra.
 {¶ 20} Appellant's sole assignment of error is overruled.
 {¶ 21} The September 23, 2002 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
By: Hoffman, P.J.
Farmer, J. and
Boggins, J. concur